**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rebecca Vinacour,<br><br>                Plaintiff,<br><br>v.<br><br>NBC Universal Incorporated, et al.,<br><br>                Defendants. | No. CV-15-00770-PHX-SRB<br><br>**ORDER** |

The Court now considers Defendant NBCUniversal Media, LLC's Motion to Dismiss Plaintiff's VARA Claims (Counts 44-45 of the Complaint) ("MTD") (Doc. 19).

**I.    BACKGROUND**

This action arises out of Defendant NBCUniversal Media, LLC's alleged unauthorized use of Plaintiff Rebecca Vinacour's copyrighted photographs and videos. (Doc. 2, Compl. ¶ 1.) Plaintiff is a professional photographer who has taken numerous photographs and videos at Diamond Mountain Retreat Center in Bowie, Arizona. (*Id.* ¶ 6.) Plaintiff has registered these works with the U.S. Copyright Office. (*Id.*) Plaintiff alleges that on March 9, 2014, Defendant used four of her photographs and a clip from one of her videos during an episode of its television show *Dateline* without her authorization. (*Id.* ¶ 7; *see also* Doc. 2, Exs. 1-5.) Plaintiff alleges that she did not receive credit or royalties. (Compl. ¶ 7.) Plaintiff has alleged 45 claims related to this unauthorized use. (*Id.* ¶¶ 13-149.) Defendant moves to dismiss Plaintiff's claims alleged under the Visual Artists Rights Act ("VARA"), 17 U.S.C. § 106A *et seq.*, arguing that

1  Plaintiff has failed to sufficiently allege a VARA claim upon which relief can be granted.
2  (MTD at 4-8.)

### II. LEGAL STANDARDS AND ANALYSIS

Rule 12(b)(6) dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011), *cert. denied*, *Blasquez v. Salazar*, 132 S. Ct. 1762 (2012). In determining whether an asserted claim can be sustained, "[a]ll of the facts alleged in the complaint are presumed true, and the pleadings are construed in the light most favorable to the nonmoving party." *Bates v. Mortg. Elec. Registration Sys., Inc.*, 694 F.3d 1076, 1080 (9th Cir. 2012). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, "for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, the complaint must contain enough factual content "to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556.

Plaintiff claims that Defendant violated her rights of attribution and integrity under VARA when it displayed the five registered works at issue. (Compl. ¶¶ 142-49 (Counts 44-45)); *see* 17 U.S.C. § 106A(a)(1)(A), (3)(A) (stating that the "author of a work of visual art" has the right "to claim authorship of that work" and "to prevent any intentional distortion, mutilation, or other modification of that work which would be prejudicial to his or her honor or reputation"). VARA does not afford protection to all works of authorship but "protects only things defined as 'works of visual art,' a definition that is a 'critical underpinning of the limited scope of the Act.'" *Pollara v. Seymour*, 344 F.3d 265, 269 (2d Cir. 2003) (quoting H.R. Rep. No. 101-514 (1990), *reprinted in* 1990

U.S.C.C.A.N. 6915, 6920-21) (internal alterations and citations omitted); *see also Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015) (stating that VARA only applies to "a limited universe of works of visual art"). As relevant to this case, a "work of visual art" is defined as "a still photographic image produced for exhibition purposes only, existing in a single copy that is signed by the author, or in a limited edition of 200 copies or fewer that are signed and consecutively numbered by the author." 17 U.S.C. § 101.[1]

Defendant seeks to dismiss Plaintiff's attribution and integrity claims on the grounds that her photographs at issue do not qualify as "works of visual art" protected under VARA. (MTD at 4-7.) Defendant also argues that even if the photographs qualified as "works of visual art," Defendant reproduced these images in an audiovisual work, which bars Plaintiff from asserting an attribution or integrity claim. (*Id.* at 7-8); *see* 17 U.S.C. § 106A(c)(3). Plaintiff counters that the definition of a "work of visual art" is outdated and does not properly address how digital photographs may be protected under VARA and, therefore, the Court must perform a factual inquiry and determine whether or not the photographs are "works of visual art." (Doc. 28, Resp. to MTD at 7-9.) Plaintiff does not address Defendant's argument that her claim is barred because her photographs were used in an audiovisual work.

Even if the Court were to conclude that Plaintiff has sufficiently pled that her digital photographs are works of visual art, Defendant's use of Plaintiff's photographs in an audiovisual work does not implicate her attribution or integrity rights. Section 106A(c)(3) of VARA states that attribution and integrity rights "shall not apply to any reproduction, depiction, portrayal, or other use of a work in, upon, or in any connection with any item described in subparagraph (A) or (B) of the definition of 'work of visual art.'" 17 U.S.C. § 106A(c)(3). The items listed in subparagraph (A) and (B) include "any . . . motion picture or other audiovisual work." 17 U.S.C. § 101. Plaintiff does not dispute that Defendant reproduced her photographs in a television episode or that such

---

[1] Because the definition of "work of visual art" explicitly excludes "any . . . motion picture or other audiovisual work," the Court dismisses Plaintiff's VARA claims based on Defendant's use of her videos. *See* 17 U.S.C. § 101.

use constitutes a reproduction of her images in an audiovisual work under VARA. *See* 17 U.S.C. § 101 (defining "audiovisual works" as "works that consist of a series of related images which are intrinsically intended to be shown by the use of machines, or devices such as projectors, viewers, or electronic equipment, together with accompanying sounds, if any, regardless of the nature of the material objects, such as films or tapes, in which the works are embodied"); *see also Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 461 n.5 (1984) (stating that "[m]ost television programs . . . qualify as 'audiovisual works'"). Because the plain language of Section 106A(c)(3) excludes Defendant's actions from VARA protection, the Court grants Defendant's Motion.

### III.    CONCLUSION

Because Defendant NBCUniversal Media, LLC's use of Plaintiff's photographs and videos is excluded from VARA protection, the Court grants its Motion to Dismiss Plaintiff's VARA claims.

**IT IS ORDERED** granting Defendant NBCUniversal Media, LLC's Motion to Dismiss Plaintiff's VARA Claims (Counts 44-45 of the Complaint) (Doc. 19).

**IT IS FURTHER ORDERED** instructing Defendant NBCUniversal Media, LLC to file an Answer to the remaining claims in the Complaint no later than fourteen days of the date of this Order.

**IT IS FURTHER ORDERED** vacating oral argument scheduled for **September 21, 2015, at 9:00 a.m.**

Dated this 28th day of July, 2015.

_____
Susan R. Bolton
United States District Judge